IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF TENNESSEE

NORTHEASTERN DIVISION AT GREENVILLE

IN RE:

MICHAEL SCOTT CARMICHAEL,   Case No. 2:18-BK-50024 MPP
d/b/a/Guardian Enterprises, LLC

GUARDIAN ENTERPRISES OF ALABAMA, LLC   Chapter 11

[consolidated cases]

Debtors in Possession.

MICHAEL SCOTT CARMICHAEL & GUARDIAN ENTERPRISES OF ALABAMA, LLC
PLAN OF REORGANIZATION

# ARTICLE I
## SUMMARY

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of M. Scott Carmichael (Debtor Carmichael) and Guardian Enterprises of Alabama, LLC (Debtor GE or collectively the Debtors) from operations cash flow and future income. The cash contemplated to fund the Plan will be generated from the business of facilitating credit card processing machines and services to clients from national credit card processing firms (hereinafter referred to as the "ACN Business"). This Plan provides for classes of secured and unsecured claims. This Plan also provides for the payment of administrative and priority claims to the extent permitted by the Code or the claimant's agreement.

All Creditors and equity interest holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity interest holders has been circulated with this Plan. Your rights may be affected. You should read these papers carefully and discuss them with your attorney if you have one. (If you do not have an attorney you may wish to consult one.)

# ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

| | | |
|---|---|---|
| 2.01 | Class 1. | JPMorgan Chase Secured Claim. |
| 2.02 | Class 2. | IRS Secured Claim. |
| 2.03 | Class 3. | US Bank Secured Claim |
| 2.04 | Class 4. | Cynthia Ellsworth Claim |
| 2.05 | Class 5. | American Express Centurion Claim. |
| 2.06 | Class 5. | Bank of America Claim. |
| 2.07 | Class 5. | Lawhorn Group Claim |
| 2.08 | Class 6. | LP Cleaners Claim. |
| 2.09 | Class 7. | Patricia Carmichael Claim |

# ARTICLE III
## CLASSIFICATION OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEE FEES, AND PRIORITY TAX CLAIMS

3.01　Unclassified Claims. Under §1123(a)(1), administrative expense claims and priority tax claims are not in classes.

3.02　Administrative Expense Claims. Each holder of an administrative expense claim allowed under §503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII) in cash, if a trade creditor incurred in the ordinary course of the Debtors' business or in monthly payments. There are no such claims in these cases.

3.03　Priority Tax Claims. Priority tax claims in this case will be paid monthly over the period ending not more than 60 months from the petition date with required interest until paid in full.

3.04　United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6). U.S. Trustee fees will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Should Debtor Carmichael seek to administratively close his personal case, and said motion is granted, the fees will also cease during the time that the case is administratively closed pursuant to E.D. Tenn. LBR 3022-1. Fees shall accrue against Debtor GE until such time as a final decree is entered in its case. Any U.S. Trustee fees owed on or before the effective date of this Plan will be paid on the effective date.

(The remainder of this page is intentionally blank)

# ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

### ADMINISTRATIVE CLAIMS

| Description | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Expenses Arising in the Ordinary Course of Business After the Petition Date | None | Paid in full on the effective date of the Plan, or according to terms of the obligation if later. |
| Professional Fees, if Approved by the Court: | | Paid in full on the effective date of the Plan, or according to separate written agreement, or according to court order if such fees have not been approved by the Court on the effective date of the Plan. |
| Van Elkins-CPA | $32,573.00 | |
| Quist, Fitzpatrick & Jarrard, PLLC | *$26,799.00 | |
| Clerk's Office Fees | None | |
| Office of the U.S. Trustee Fees | $0.00 | Paid in full on the effective date of the Plan |
| TN Post Petition Taxes | 2,811.17 | Disputed. If allowed, pay in full on effective date of plan. |
| TOTAL | $62,183.17 | |

### SECURED CLAIMS

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| Class #1 | Claim of JPMorgan Chase (unsecured as to the debtors) | No | Impaired, fully secured | Debtor to assume payments pursuant to settlement agreement, if possible, and pay pursuant to the terms of the note and deed of trust. |
| Class #2 | IRS | No | See priority claim treatment | |

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| Class #3 | US Bank | No | Fully secured | Continued payments of $850.00 per month. Creditor retains lien. |


| Class # | Description | | Impairment | Treatment |
|---|---|---|---|---|
| Class #3 | US Bank | No | Fully secured | Continued payments of $850.00 per month. Creditor retains lien. |

GENERAL UNSECURED CLAIMS

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| Class #4 | General Unsecured Class - Cynthia Ellsworth & EMS Universal ID, LLC | Impaired | Settled - Pursuant to the terms of the agreement, Debtor Carmichael has agreed to assume, pay and reaffirm the Chase Mortgage payments (if possible), and also make a $3,500.00 monthly payment for 63 months until the Ellsworth claims are paid in full. |
| Class #5 | American Express Centurion Claims | Impaired | Payment to Class 5 will be made ONLY by Debtor Carmichael<br>This class will be paid in full plus interest<br>Monthly Pmt. = $100.00<br>  Pmts. Begin    *30 days following Plan effective date*<br>  Pmts. End    When paid in full<br>Interest Rate % 4% |
| | Bank of America | Impaired | Monthly Pmt. = $100.00<br>  Pmts. Begin    *30 days following Plan effective date.*<br>  Pmts. End    When Paid in Full<br>Interest Rate % 4% |
| | Lawhorn CPA Group, Inc. | Impaired | Monthly Pmt. = $100.00<br>  Pmts. Begin    *30 days following Plan effective date.*<br>  Pmts. End    When Paid in Full<br>Interest Rate % 4% |

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| Class #6 | LP Cleaners | Impaired | Monthly Pmt. = $100.00<br>Pmts. Begin    *30 days following Plan effective date.*<br>Pmts. End    When Paid in Full<br>Interest Rate % 4% |
| Class #7 | Patricia Carmichael | Impaired | To be paid by Debtor Carmichael only after all other creditors have been paid in full. |
| Class # | Description | Impairment | Treatment |

It shall be an event of default under the Plan if the following should occur:

If Debtor Carmichael fails to make any payment to the Internal Revenue Service required by the confirmed plan of reorganization, or any payment of any tax to the Internal Revenue Service within 20 days of the due date of such deposit or payment, or if he fails to file any required federal tax return by the due date of such return any pay any outstanding tax liability shown on the return at the time the return is filed, then the United States may declare that the he is in default of the Plan. Failure to declare the default does not constitute a waiver by the United States of the right to declare that he is in default.

### ARTICLE V
### ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim.    A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtors or another party in interest has filed an objection; or (ii) no prof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim.    No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    Settlement of Disputed Claims. The Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a) The Debtors shall assume all Executory Contracts and Unexpired Leases

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

The Debtors will fund the Plan through the aforementioned ACN Business.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01    Definitions and Rules of Construction. The definitions and rules of construction set forth in §§101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02    Effective Date of Plan. The effective date if this Plan is the 30th day following the date of entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated and no further appeal of the order may be lodged.

8.03    Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

8.05    Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Tennessee govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX
## DISCHARGE

9.01 Debtor GE is an entity and §1141(d)(3) is not applicable:

<u>Discharge.</u> On the effective date of the Plan, the Debtor GE shall be discharged from any debt that arose before the confirmation of the Plan, subject to the occurrence of the effective date, to the extent specified in §1141(d)(1)(A) or the Code, except that Debtor GE shall not be discharged of any debt (i) imposed by the Plan, (ii) of a kind specified in §1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure, or (iii) of a kind specified in §1141(d)(6)(B). After the effective date of the Plan your claims against Debtor GE will be limited to the debts described in clauses (i) through (iii) of the preceding sentence.

## ARTICLE X
## OTHER PROVISIONS

The Debtors may seek a Final Decree in each case once the following requirements have been met:

1. The confirmation order has become final;

2. Payments under the Plan have commenced;

3. There are no pending motions, contested matters, or adversary proceeding;

4. All U.S. Trustee quarterly fees have been paid; and

5. If the Plan of confirmation order requires an action or event prior to the issuance of a final decree, such action or event has occurred.

Debtor Carmichael's discharge may only be entered once all plan payments have been completed.

Debtor Carmichael may seek administrative closure of his case pursuant to E.D. Tenn. LBR 3022-1 without a final decree upon the disposition of all contested matters and adversary proceedings, including appeals. Debtor Carmichael or any other party in interest may seek to reopen his case without the necessity of paying a filing fee. Debtor Carmichael may seek to reopen his case for entry of his discharge and entry of a Final Decree upon completion of the payments required of him under the Plan, as confirmed. No U.S. Trustee fees shall be due as to Debtor Carmichael during any such time as the case is administratively closed by the Court.

M. SCOTT CARMICHAEL
GUARDIAN ENTERPRISES OF
ALABAMA, LLC
By: *M. Scott Carmichael*

/s/ *Ryan E. Jarrard*
Ryan E. Jarrard, Esq.
BPR No.024525
**QUIST, FITZPATRICK & JARRARD, PLLC**
2121 First Tennessee Plaza
Knoxville, TN 37929-9711
(865) 524.1873
rej@QCFlaw.com